### COOPER *v.* STATE.

(In Banc. June 12, 1944.)

[18 So. (2d) 453. No. 35617.]

J. Ed. Franklin, L. F. Easterling, and E. B. Todd, all of Jackson, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, and John G. Burkett, W. L. Mhoon, and Jackson, Young & Phillips, all of Jackson, for appellee.

Argued orally by **L. F. Easterling** and **J. Ed. Franklin**, for appellant, and by **O. W. Phillips,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

On the night of October 4, 1943, appellant, R. C. Cooper, Sr., shot and killed Hosea Stutts (both negroes). Cooper was indicted and tried for the alleged murder of Stutts, and convicted of manslaughter and sentenced to the penitentiary for twenty years. From that judgment he prosecutes this appeal.

Cooper owned a home in the City of Jackson, where he and his family lived and where the homicide occurred; and in connection therewith he ran a restaurant and pool room adjoining. Several witnesses were present, and testified as to the surrounding facts and circumstances. According to the testimony of some, Cooper was guilty of manslaughter, the crime of which he was convicted; according to the testimony of others it was a justifiable homicide. His guilt or innocence was clearly an issue for the jury.

His wife, Magnolia Cooper, testified in his behalf. If true, her testimony showed clearly that it was justifiable homicide. On cross-examination by the district attorney she admitted that some of the city police force appeared on the scene a few minutes after the killing, and that, on being questioned by them, she stated that she had killed Stutts, and not her husband. On redirect examination appellant's counsel offered to prove why she made such an inconsistent statement to the police, to which the district attorney objected. Thereupon, the court had the jury to retire. Then, in answering the question, she said she took whatever blame there was on herself because her husband had high blood pressure and a bad heart. On the state's objection that evidence was ruled out.

That action of the court is the basis of an assignment of error to which the larger part of appellant's brief and argument are addressed; and, in fact, it is the only assignment of sufficient merit to call for discussion by the court.

We are of opinion that the court erred in refusing to permit her to make the explanation. Her testimony as

to the guilt of her husband was clear and forcible. If true, he was guilty of no crime. On the other hand, her statement to the police, standing alone, might lead to the conclusion that she was unworthy of belief. It appears that the reason for the statement might have had a very important bearing upon the jury as to the truth of her testimony on the witness stand. The reasonable inference, from all the facts and circumstances, is that after consulting with her husband's counsel, and after further consideration, she and her husband decided that the truth would be better for them than falsehood. There are numerous authorities for the proposition that a witness who has made contradictory statements as to material facts should be permitted to explain such contradictions. The cases on this subject are collected in 7 Ency. of Evidence, pages 142 to 147, inclusive; and 70 C. J., pages 1141 to 1144, inclusive.

For this error the appellant is entitled to a new trial. Reversed and remanded.

### DISSENTING OPINION.

**Smith, C. J.**, delivered a dissenting opinion.

Before this court is justified in reversing a judgment or decree of a lower court, two things should affirmatively appear: (1) error in the judgment or decree; and (2) that the appellant was prejudiced thereby.

The second of these elements is here absent, for it is hardly within the realm of probability that had the evidence here excluded been admitted, the jury would have been even remotely influenced thereby in the rendition of its verdict.

The judgment should be affirmed.